# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re: Uponor, Inc., F1807 Plumbing
Fittings Products Liability Litigation

**SUPPLEMENTAL ORDER
GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**
Court File No. 11-MD-2247 ADM/JJK

This Order Relates to all Actions

---

In a Memorandum and Order dated June 29, 2012, the Court granted final approval of this settlement and awarded class representative service awards and attorneys' fees and costs. June 29, 2012 Order [MDL Docket No. 96]. The Court now supplements that order and findings to provide further clarity to the parties and class members.

Based upon the June 29, 2012 Order, the arguments of counsel, and all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED:**

1. The settlement previously preliminarily approved by the Court is fair, reasonable, and adequate under the circumstances and is granted final approval pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2. The objections filed by class members are overruled;

3. The notice provided to the class was reasonable and the best practicable notice reasonably calculated under the circumstances to apprise class members of the pendency of this action, the terms of the Settlement Agreement, and their right to object, opt out, and appear at the final fairness hearing;

4. The notice provided to the Attorney General representatives complied with 28

U.S.C. § 1715 and more than 90 days' notice was provided before the final fairness hearing was held in this matter;

5. The terms of the parties' Settlement Agreement are hereby incorporated as the Order of this Court;

6. Class members who did not file a timely and valid request for exclusion from this settlement are bound by the releases provided in the Settlement Agreement (¶¶ 73-80);

7. The injunction issued in the Court's Amended Order Granting Motion to Certify Class for Settlement Purposes and for Preliminary Approval of Class Action Settlement and Form and Dissemination of Notice to the Class [MDL Docket No. 14] is lifted, upon issuance of the final judgment in this matter, for class members who submitted timely and valid requests for exclusion from this settlement;

8. Class members who did not file a timely and valid exclusion are enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on or relating to their RTI F1807 Plumb-PEX Systems, the claims and causes of action, or the facts and circumstances relating thereto, in this proceeding, or the Settlement Agreement except for claims reserved or not released in the Settlement Agreement;

9. With respect to the Non-Leaking F1807 System Settlement Class, the parties

agree that insurance companies and entities who have legal standing to pursue claims through or in the name or right of members of the settlement class, may file claims (in their own name and without the participation of their insureds) and seek reimbursement through this settlement for claims the insurance companies pay for leaks caused by ASTM F1807 style plumbing systems manufactured or sold by Radiant Technology, Inc. or Uponor, Inc. and their predecessors installed on or after May 15, 1999, and which leaked and caused property damage after July 1, 2012. The parties agree, and the Court hereby orders, that the claims administrator treat claims submitted by subrogated insurance carriers and entities that have legal standing to pursue claims through or in the name or right of members of the settlement class, in the same manner as claims submitted by individual homeowners or property owners;

10. Class Counsel's requested service payments for Class Representatives are appropriate and the requested award of $2.4 million for attorneys' fees, costs, and expenses is reasonable. There are no objections to the service payments or the attorneys' fees, costs, and expenses, and, accordingly, the awards are approved. Pursuant to the parties' Settlement Agreement, the RTI Defendants shall pay Class Counsel the $2.4 million in attorneys' fees and costs reimbursement within 10 days of the entry of the Order. (Settlement Agreement ¶ 86);

11. In accordance with the terms of the parties' Settlement Agreement:

   a. Class Representatives John and Helen McGregor are awarded a service payment in the amount of $7,500.00 to be paid by the RTI Defendants;

b. The following Class Representatives are awarded a service payment in the amount of $5,000.00 to be paid by the RTI Defendants: Auto-Owners Insurance Co.; Charles Perrone; Carl Fielstra, III and Krystal Fielstra; Paul and Lynn Roth; Jay and Mary Livermont; and Steve and Kim Spina;

c. The RTI Defendants must pay Class Representatives the service payments within 10 days of the date of this Order;

12. Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over this case and the parties, including all owners of RTI F1807 Plumb-PEX systems and their representatives who did not file a timely and valid request for exclusion from this settlement, concerning the administration, consummation, claim procedures, and enforcement of the settlement and the benefits to the class members thereunder.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 9, 2012

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE