UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Uponor, Inc., F1807 Plumbing Products Liab. Litig. | Court File No. 11-MDL-2247 (ADM/JJK) |

This Document Relates to:

All Actions

**Memorandum in Support of Settlement Class's Motion
to Require Objectors to File Rule 7 Appeal Bond**

### Introduction

The Kasdan Objectors and the Palmer Objectors (collectively "the Objectors") have each filed a notice of appeal to challenge the Court's approval of this nationwide class action settlement. Because the settling parties will incur additional expense if the Objectors' appeals are unsuccessful, the Objectors should be required to post bonds under Rule 7 of the Federal Rules of Appellate Procedure to cover these expenses.

The Settlement Class seeks bonds from the Objectors covering three categories of costs that will be, or are likely to be, incurred because of an unsuccessful appeal: (1) the costs related to the appeal itself; (2) the increased cost of settlement and claims administration caused by the delay; and (3) the potential cost related to publishing additional notice to the members of the settlement class. These costs could be substantial and should be guaranteed by the Objectors through a bond.

Courts overseeing class action settlements routinely require objectors who appeal those settlements to post bonds for hundreds of thousands, and sometimes millions, of dollars to cover the increased expense or loss caused by an unsuccessful appeal. Because the claims of thousands of settlement class members will be delayed by the appeals filed by the Objectors, the Settlement Class and the Uponor Defendants may suffer substantial damage caused by the long delay in implementation of the settlement. The Objectors should be required to post a bond to ensure that they will be responsible for such costs if their appeals are rejected.[1]

## Legal Standard

"Although the district court normally loses jurisdiction after a notice of appeal is filed, it retains jurisdiction to issue orders regarding such bonds for the costs of appeal." *See generally* DAVID F. HERR ET AL., 8TH CIRCUIT APPELLATE PRACTICE MANUAL § 5.4.2 (5th ed. 2010) (hereinafter "MANUAL") (*citing Sec. Indus. Assocs. v. Bd. of Governors of Fed. Reserve Sys.*, 628 F. Supp. 1438 (D.D.C. 1986)); *see also In re Advanced Elecs., Inc.*, 283 F. App'x 959, 963 (3rd Cir. 2008) (quoting *Venen v. Sweet* 758 F.2d 117, 120-21 n.2 (3rd Cir. 1985)).

The Federal Rules of Appellate Procedure empower a district court to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "Whether to require a cost bond is within the sound discretion of the district court and, because there is no fixed amount for the cost bond, the district court has discretion as to the form and amount of the bond." *Id.* (citing Advisory Committee Notes to the 1979 Amendment to the Federal Rules of

---

[1] Counsel for the settlement parties and counsel for the Kasdan Objector met and conferred as required by the local rules. (Raiter Aff.).

Appellate Procedure; Fed. R. App. P. 7.) "In addition, the district court's discretion extends to establishing the deadline for the filing of the cost bond." *Id.*

The purpose of an appellate cost bond is "to protect the rights of the appellees." *In re Ins. Brokerage Antitrust Litig.*, Civ. No. 04-5184, 2007 WL 1963063, at *2 (D. N.J. July 2, 2007) (quoting *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002)). In many cases, an appeal bond is "necessary to provide some level of security to Lead Plaintiffs who have no assurances that Appellants have the ability to pay the costs and fees associated with opposing their appeals." *Id.* (quotation omitted). Moreover, "[a] district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998).

"Federal courts have required an appeal bond from appellants . . . as a condition of maintaining objector appeals of class action settlements or attorneys' fee awards." *Id.* (quotation omitted); *see also Allapattah Servs., Inc. v. Exxon Corp.*, No. 91-0986 CIV, 2006 WL 1132371, at *18 (S.D. Fla. Apr. 7, 2006) (imposing appeal bond on class member who appealed settlement on behalf of entire class because impact of appeal would be "highly detrimental" because it would stay "both the entry of final judgment on all claims in the Class Administration Process and payment to all Class members.").

When analyzing whether to require a Rule 7 bond, district courts consider several factors including: (1) the objectors' financial ability to post a bond; (2) the risk that the objectors will not pay the respondent's costs if the appeal is unsuccessful; (3) the appeals merits; and (4) whether the objectors have shown any bad faith or vexatious conduct. *See,*

*e.g., Daud, et al. v. Gold'n Plump Poultry, Inc.*, Civ. No. 06-4013 (D. Minn. July 28, 2009). The court may also order the objectors to post a bond for which they are jointly and severally liable. *See, e.g., In re Ins. Brokerage Antitrust Litig.,* 2007 WL 1963063 at *3.

## Argument

I.  **The Court Should Require The Objectors To Post Bonds To Protect The Class Members And The Settling Parties.**

The Objectors face an uphill battle to overturn the Court's approval of this settlement. *See, e.g., Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1378 (9th Cir. 1993) (objectors who failed to opt out of a settlement only later to appeal were "spoilers" whose interests could have been adequately addressed in their own individual lawsuits if they had elected to opt out of the settlement); *see also In re Wireless Tel. Fed. Cost Recovery Litig.*, 396 F.3d 922, 932  (8th Cir. 2005) (class action settlement approval reviewed under abuse of discretion).

Courts will impose substantial bond requirements on appealing objectors because of the unlikelihood of success on appeal. This is in recognition that class plaintiffs will incur significant expense in opposing these objections and, thus, they are given assurance that they will be able to recover these expenses as a taxed cost. *See, e.g., Barnes v. Fleetboston Fin. Corp.*, 2006 U.S. Dist. LEXIS 71072, at **3-4 (D. Mass. Aug. 22, 2006) ("Repeat objectors to class action settlement can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. . . . [T]he burden of litigating frivolous appeals [should] shift[] to [the objectors] instead of to the class."); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 128 (S.D. N.Y. 1999) ("[The appealing objector]'s repeated attempt to use this class action for his own . . . purposes is improper, and his personal pursuits should

4

not be permitted to delay the administration of a $1.027 billion settlement. [He] must be accountable for the damage caused by his actions. Accordingly, [he] will post a bond to include: (1) costs on appeal; (2) attorney's fees on appeal; and (3) damages resulting from the delay and/or disruption of settlement administration caused by his appeal."); *In re Pharm. Indus. Average Wholesale Price Litig.,* 520 F. Supp. 2d 274, 279 (D. Mass. 2007) ("[T]he class is likely to be damaged if the appeal is rejected and there are public policy reasons to prevent frivolous objectors from threatening to hold up class distributions."); *See also In re Cardizem CD Antitrust Litig.,* 391 F.3d 812, 818 (6th Cir. 2004); *Allapattah Servs.,* 2006 WL 1132371 at *16.

### A. Costs Related To The Appeal.

Pursuant to 28 U.S.C. §1920 and Fed. R. App. P. 39(e), an appeal bond should provide for, *inter alia*, the costs of preparation of and transmission of the record, the costs of obtaining any necessary transcripts, printing costs, and other copying costs. The items that may be secured include the taxable costs in the Court of Appeals (copies, binding, covering and printing) and the taxable costs in the district court relating to the appeal (to prepare, transmit the record, court reporter fees, and interpreter fees). *See generally* MANUAL § 5.4.2 (5th ed. 2010); *see also In re Ins. Brokerage Antitrust Litig.,* 2007 WL 1963063 at **1-2; *In re Cardizem*, 391 F. 3d at 816.

District courts that recently imposed appeal bonds in class action cases concluded that $25,000 is a reasonable estimate of such costs (not including counsel fees). *See e.g., Daud, et al. v. Gold'n Plump Poultry, Inc.*, Civ. No. 06-4013 (D. Minn. July 28, 2009) (awarding $25,000 for costs of appeal); *In re Ins. Brokerage Antitrust Litis.*, 2007 WL 1963063 at **2-3

(ordering appealing objectors to post a $25,000 bond). In this case, Class Counsel estimates that the Respondents will incur at least $25,000 in costs resulting from the appeal. (Raiter Aff.). This estimate is based on counsel's experience and the caselaw in this memorandum. *Id.* There is a significant record in this MDL litigation and two sets of appellants. Because there are at least 24 law firms that will receive copies of all briefs and appendixes, the cost of copying the record, preparing the briefs, and delivering of the briefs and record will be substantial. (Raiter Aff.). Each set of Objectors should be required to post a bond for $25,000 to cover these costs.

### B. Costs Caused By Delay Of Settlement Implementation.

Rule 7 bonds are not limited to the taxable costs allowed under Rule 39(e). Other costs caused by the delay in implementation of a class action settlement may be included in a Rule 7 bond. *See In re Cardizem*, 391 F.3d at 817 (Rule 39 "does not define 'costs' et al.; rather, it merely lists which costs of appeal can be 'taxed' by the district court if it chooses to order one party to pay the costs of the other").

The Settlement Class also seeks a bond to cover the increased costs of settlement administration caused by an unsuccessful appeal by either set of Objectors. Such a request is consistent with the class action cases around the country in which courts require objectors to post bonds to secure the anticipated damages resulting from a delay in the implementation of a class-action settlement. *See, e.g.*, *In re Checking Account Overdraft Litig.*, Slip op., 2012 WL 456691, **1-3 (S.D. Fla. Feb. 14, 2012) (ordering objector-appellants to post $621,338 in bonds to cover costs and "to account for the delay in distribution of the benefits of the Settlement."); *Allapattah Servs.*, 2006 WL 1132371 at *18 (ordering objector to $1 billion

class-action settlement to post a $13.5 million bond in the event of appeal on behalf of the class to cover "damages, costs, and interest" that the class would incur or lose as a result of the delay); *Barnes*, 2006 U.S. Dist. LEXIS 71072 at **8-9 (ordering appealing objector to $12.5 million class-action settlement to post $645,111.60 bond to cover costs and interest for anticipated one-year delay in distribution to class); *In re NASDAQ*, 187 F.R.D. at 129 (requiring objector to post $101,500 bond to secure anticipated costs, attorneys' fees, and damages arising from the delay and/or disruption of class action settlement caused by proposed appeal from final approval); *In re Pharm. Indus. Average Wholesale Price Litig.,* 520 F. Supp. 2d at 279 (ordering appealing objector to post $61,000 bond for administrative costs that class will suffer as a result of delay in distribution from class action settlement); *In re Cardizem*, 391 F. 3d at 815, 818 (dismissing objector's appeal from final approval of class action settlement for failure to comply with district court's requirement that objector post $174,429 bond to cover anticipated costs and attorneys' fees on appeal); *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 352 (E.D.N.Y. 2010) ("If the issue was of moment, the court would consider requiring an appealing objector to post an appropriate bond to protect the value of the settlement to the class members.").

Following the preliminary approval of this settlement, the Settling Parties hired a claims administrator that set up and staffed a toll free telephone number and has handled incoming claims from members of the settlement class. (Raiter Aff.). The claims administrator is paid based on the amount of work it does to handle class member inquiries, calls, and claims. *Id.* Because an appeal to the Eighth Circuit Court of Appeals will typically delay a case for 12 to 18 months, the parties expect that the claims administrator

will charge an extra $20,000 to handle calls and additional administrative functions during this delay. (Raiter Aff.). The bond that Objectors should be required to post should cover these costs associated with delays in administration of this settlement.

### C.     Costs Related To Providing Additional Notice To The Class.

Class Counsel also seeks the imposition of a bond that will cover the cost of any additional notice to the class that may be required by the delay caused by an unsuccessful appeal. The notice plan already conducted in this settlement cost nearly $1 million. (Raiter Aff.). It is possible that a class member, objector, or some other third party may later argue that additional notice needs to be given to the class because of the delay caused by this appeal. *Id.*

Although Class Counsel do not believe that a full round of supplemental published and direct notice will be required following an unsuccessful appeal by the Objectors, the Settling Parties should not bear the risk that additional notice may be required. The Objectors should instead post a bond to cover such costs, and if the costs never materialize, the bond will not be accessed. Class Counsel believe that a $500,000 bond would provide reasonable assurance if some class member or objector claimed that supplemental notice was required. (Raiter Aff.).

### Conclusion

The Court should require the Objectors to post bonds sufficient to protect the Settling Parties for any costs incurred because of an unsuccessful appeal. In this case, those costs include the cost of responding to the appeal, the increased settlement and claims

administration expense, and the cost of any additional notice to the class that may be required by the delay caused by these appeals.

Respectfully submitted,

Dated this 13th day of August, 2012.   **Larson • King, LLP**


By     s/Shawn M. Raiter
Shawn M. Raiter #240424
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
Phone: (651) 312-6500
Email: sraiter@larsonking.com

Robert K. Shelquist
**Lockridge, Grindal, Nauen, PLLP**
100 Washington Ave S, Suite 2200
Minneapolis, MN  55401
Phone: (612) 339-6900
Email: rkshelquist@locklaw.com

Charles J. LaDuca
**Cuneo, Gilbert & LaDuca, LLP**
507 C Street NE
Washington, DC  20002
Phone:  (202) 789-3960
Email: charlesl@cuneolaw.com

Michael McShane
**Audet & Partners, LLP**
221 Main St, Suite 1460
San Francisco, CA  94105
Phone: (415) 568-2555
Email: mmcshane@audetlaw.com

David Black
**Perkins Coie, LLP**
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-1043
Phone: (303) 291-2309
Email: dblack@perkinscoie.com

J. Gordon Rudd, Jr.
**Zimmerman Reed, PLLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Phone: (612) 341-0400
Email: gordon.rudd@zimmreed.com

Christopher L. Coffin
**Pendley, Baudin & Coffin, L.L.P**
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Phone: (504) 355-0086
Email: ccoffin@pbclawfirm.com

David M. Birka White
**Birka-White Law Offices**
411 Hartz Avenue #200
Danville, CA  94526
Phone:(925) 362-9999
Email: dbw@birka-white.com

**Class Counsel**

Lk1339755