UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Uponor, Inc., F1807 Plumbing Products Liab. Litig. | Court File No. 11-MDL-2247 (ADM/JJK) |

This Document Relates to:

All Actions

**Affidavit of Shawn M. Raiter in Support of Memorandum in Support of Settlement Class's Motion to Require Objectors to File Rule 7 Appeal Bond**

STATE OF MINNESOTA )
                              ) ss.
COUNTY OF RAMSEY )

      Shawn M. Raiter, being first duly sworn, under oath, states as follows:

      1.     That I am one of the attorneys representing the Settlement Class in the above-captioned matter.

      2.     That this Affidavit is submitted in support of Memorandum in Support of Settlement Class's Motion to Require Objectors to File Rule 7 Appeal Bond.

      3.     That there are 24 law firms who have appeared as counsel of record in this litigation.  Because there have been two separate appeals filed and because of the number of firms involved, the costs associated with the generation and reproduction of the record, preparation of the briefs and other costs attendant to these appeals will be substantial.

      4.     That given the size of the MDL docket and the dockets in the underlying litigation, the numbers of law firms involved, the presence of two separate appeals, and the

magnitude of the record, your Affiant estimates that the Settlement Class will incur approximately $25,000.00 in costs associated with the appeals.

5. As part of the preliminary approval process of this settlement, the settling parties retained a claims administrator who established a claims process for handling incoming claims and inquiries from members of the Settlement Class. The claims administrator also established and staffs a toll free telephone number and is paid based on the amount of work it does to handle class member inquiries, telephone calls, and claims.

6. Because appeals to the Eighth Circuit Court of Appeals will typically delay a case at least 12 months, the Class Counsel has conferred with the claims administrator and expects that the delay in the implementation of this claims process caused by an unsuccessful appeal would cost an additional $20,000.00 in claims administration expense.

7. As indicated during the preliminary and final approval process, the settling parties hired Kurtzman Carson Consultants to develop and implement a direct and published mail notice program. The cost of that notice program was nearly $1 million, most of which related to the cost of publishing notice to the class members.

8. A delay in the implementation of this settlement claims process may cause class members or objector attorneys like those representing the Kasdan and Palmer objectors to argue that additional notice should be sent to the class members as a result of the delay associated with an unsuccessful appeal. While Class Counsel and Uponor would oppose such an argument and do not believe such additional notice would be necessary, the risk that such notice may be required should be borne by the Kasdan objectors and the Palmer objectors, not the settlement class or the settling parties.

9. Under these circumstances, Class Counsel believes that $500,000.00 in bond protection would protect the settling parties for any potential notice expense caused by the Objectors' appeals and the delay they will cause.

10. That attached hereto as Exhibit A is a true and correct copy of *Daud v. Gold'n Plump Poultry, Inc.*, Civ. No. 06-4013.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

                                                                           s/Shawn M. Raiter
                                                                Shawn M. Raiter #240424

Subscribed and sworn to before me
this 13th day of August, 2012.


    s/Laura C. Burks
Notary Public

1341865

3