UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Uponor, Inc., F1807 Plumbing Products Liab. Litig. | Court File No. 11-MDL-2247 (ADM/JJK) |
| This Document Relates to:<br><br>All Actions | |
| **Affidavit of Shawn M. Raiter in Support of Memorandum in Support of Settlement Class's Motion to Require Objectors to File Rule 7 Appeal Bond** | |

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aware Daud, Khadija Jama, Abdiaziz Ali Abdi, Sahra Farah, Anab Ibrahim, Fowsiya Gelle, Kiin Farah, Lul Esse Hersi, Kasha Anna Sobiana, Waris Barre, Issak Horor, and the Equal Employment Opportunity Commission,<br><br>Plaintiffs,<br><br>v.<br><br>Gold'n Plump Poultry, Inc. and The Work Connection, Inc.,<br><br>Defendants. | Civ. No. 06-4013 (JJG)<br><br><br><br><br><br><br>O R D E R |

JEANNE J. GRAHAM, United States Magistrate Judge

This case is before the Court[1] on Plaintiffs' Motion to Require a Rule 7 Appeal Bond (Doc. No. 220), The Work Connection's Motion for Joinder (Doc. No. 225), and Gold'n Plump Poultry, Inc.'s Motion in Support of Motion to Require a Rule 7 Appeal Bond (Doc. No. 229). For the reasons set forth below, the motions are granted.

On March 31, 2009, this Court approved a class action settlement of this case and entered judgment. Attorneys Jay Ramos and Barry Edwards subsequently appealed to the Eighth Circuit Court of Appeals on behalf of sixty-three "interested parties." Plaintiffs now move for an order requiring the appellants to file an appeal bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure in the amount of $32,000. The Work Connection and Gold'n Plump seek to

---

[1] All parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

join that motion, and The Work Connection asks that an additional $3,100 be added to the bond amount.

Although an appeal normally divests a court of jurisdiction over a case, the Court retains jurisdiction to order a party to file a cost bond for appeal. *See Venen v. Sweet*, 758 F.2d 117, 121 n.2 (3d Cir. 1985). Federal Rule of Appellate Procedure 7 explicitly permits a district court to require an appellant to file a bond in an amount necessary "to ensure payment of costs on appeal." Fed. R. App. P. 7. The purpose of a Rule 7 bond "is to protect the appellee from the risk of nonpayment by the appellant, if the appellee wins the appeal." *Berry v. Deutsche Bank Trust Co. Ams.*, -- F. Supp. 2d --, 2009 WL 1110791, at *6 (S.D.N.Y. Apr. 6, 2009) (citing *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998)). It is not unusual for a court to require class members appealing a class action settlement to file an appeal bond. *E.g., Vaughn v. Am. Honda Motor Co., Inc.*, 507 F.3d 295, 300 (5th Cir. 2007); *Dehoyos v. Allstate Corp.*, 240 F.R.D. 269, 316 (W.D. Tex. 2007); *In re Ins. Brokerage Antitrust Litig.*, Civ. No. 04-5184, 2007 WL 1963063, at *3 (D.N.J. July 2, 2007). In deciding whether to require a bond, the Court may consider factors such as the appellants' ability to post a bond, the risk that appellants would not pay the appellees should they lose on appeal, the merits of the appellants' positions, and whether the appellants have acted in bad faith or vexatiously. *See Berry*, -- F. Supp. 2d --, 2009 WL 1110791, at *6 (citation omitted).

The Court finds that a cost bond is appropriate in this case. Although the appellants failed to respond to any of the motions, the Court will presume, based on its experience in this case, that they have limited financial ability to post a bond. However, the weight of this factor is counterbalanced by the Court's ability to reduce the amount requested and lessen any adverse

effect on their appeal or their ability to post the bond. Moreover, the cost of the bond will be borne by sixty-three appellants, which alleviates the actual financial burden to each individual. The second factor weighs in favor of requiring a bond because there is a substantial risk that the appellants would not pay the appellees if they lose on appeal. The appellants are mostly short-term workers and recent emigrants to the United States who probably have not accumulated many assets. The third factor—the strength of the appellants' position—strongly supports the issuance of a bond. Many of the appellants never objected to the class action settlement in the first instance, and of those who did, their objections were untimely and largely unsupported by any factual or legal basis. Fourth and finally, the appellants have not acted in bad faith or vexatiously.

The Court now turns to the amount of the cost bond. The costs on appeal that are taxable in district court include the preparation and transmission of the record and transcripts, any supersedeas bond premiums, the fee for filing the notice of appeal, fees for printing and witnesses, fees for copying papers obtained specifically for use in the appeal, and compensation for interpreters and translators. Fed. R. App. P. 39(e); 28 U.S.C. § 1290; *see In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 816 n.3 (6th Cir. 2004). A district court has discretion in setting the amount of the bond. *See* Fed. R. App. P. 7 advisory committee's note (1979).

Plaintiffs ask for a bond in the amount of $32,000, which they base primarily on the number of parties and issues involved in the appeal. Specifically, two groups of objectors are appealing a complex class settlement and an EEOC consent decree. Four discrete parties or groups of parties comprise the appellees, who have different interests and arguments, but who may all prevail on appeal. Eight law firms will need to be served. For ten of the eleven named

3

Plaintiffs, and almost all the settlement class members, their counsel will need to communicate with them via an interpreter or a translation service during the appeal. Thus far, Plaintiffs have paid more than $35,000 in interpretation and translation costs, and they estimate their cost during the appeal to reach at least $7,000.

The Work Connection asks to add another $3,100 to the amount suggested by Plaintiffs, representing the cost of the supersedeas bond premium that the Equal Employment Opportunity Commission is asking it to pursue.

The Court finds that a $25,000 cost bond is sufficient to cover the potential costs on appeal, including copying and producing briefs, records, and transcripts; translation services; and the supersedeas bond premium. In arriving at this number, the Court has considered the number of parties and issues involved, as well as similar amounts approved for other appeals of class action settlements, *see In re Insurance Brokerage Antitrust Litigation*, Civ. No. 04-5184, 2007 WL 1963063, at *5; *In re Compact Disc Minimum Advertised Price Antitrust Litigation*, No. MDL 1361, 2003 WL 22417252, at *2 (D. Me. Oct. 7, 2003); *In re Diet Drugs Products Liability Litigation*, No. MDL 1203, Civ. A. 99-20593, 2000 WL 1665134, at *5-6 (E.D. Pa. Nov. 6, 2000). The Court has also taken into account the limited financial means of the appellants, and notes that $25,000 divided by sixty-three is less than $400 a person. The absence of any objection by the appellants to the cost bond or the proposed amount was the Court's final consideration.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

4

1. Plaintiffs' Motion to Require a Rule 7 Appeal Bond (Doc. No. 220) is **GRANTED IN PART** and **DENIED IN PART**;

2. The Work Connection's Motion for Joinder (Doc. No. 225) is **GRANTED IN PART** and **DENIED IN PART**;

3. Gold'n Plump Poultry, Inc.'s Motion in Support of Motion to Require a Rule 7 Appeal Bond (Doc. No. 229) is **GRANTED IN PART** and **DENIED IN PART**; and

4. Appellants must file a Rule 7 appeal cost bond in the amount of $25,000 within thirty days of this Order.

Dated this 28th of July, 2009.

s/ *Jeanne J. Graham*

JEANNE J. GRAHAM
United States Magistrate Judge