UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Uponor, Inc., F1807 Plumbing Products Liab. Litig. | Court File No. 11-MDL-2247 (ADM/JJK) |

This Document Relates to:

    All Actions

## Memorandum in Support of Ortega Objectors' Motion for Immediate Stay of Rule 7 Appeal Bond Order

### Introduction

On July 19, 2012, Objector/Proposed Intervenor/Appellant Oscar Ortega, on behalf of himself and others similarly situated, and Objectors/Appellants Toney and Bonnie Abbott, Alberto and Irma Aguilar, Steven A. Archangel, Alejandro and Monica Camarena, Evelyn Candido, Luis Carillo and John Parrett, Jaime and Marta Cubides, Verna Culp, Louise Ellis, Rosario Lopez, Monica McCullock and Daniel Saenz, Angel Morales and Cassandra Smith, Micaela Negrete and Luis Zapata, Todd and Sylvia O'Neal, Robert Perez, Henry Pimente, Gerardo Rivera, Gregario and Marisol Sanchez, Laura Spindola, Wilber Torres, Kenneth and Debra Wright, Raul Zelaya, and Jose and Lucila Zul (collectively "Ortega Objectors") filed an appeal with the United States Court of Appeals for the Eighth Circuit (Appeal No. 12-2761), appealing from this Court's denial of Oscar Ortega's Motion to Intervene, Motion for Protective Order, and Motion to Decertify Class and this Court's Final Approval of Class Action Settlement, Supplemental Order Granting Final Approval of Class Action Settlement, Judgment in a Civil Case entered on July 3, 2012, and Judgment in a Civil Case entered on July 9, 2012.

Thereafter, on August 13, 2012, the Settlement Class filed a Motion to Require Objectors to File Rule 7 Appeal Bond, which effectively lumped together two distinct and unrelated groups of objectors, while requesting an unreasonable Rule 7 appeal bond amount based on unfounded hypotheticals and possibilities. The Ortega Objectors filed their Opposition to Settlement Class's Motion to Require Objectors to File Rule 7 Appeal Bond contending that the Court should not impose an appeal bond and that the Settlement Class's proposed amount for the bond was unreasonable, unfounded, and improper. The Court entertained oral argument, and on September 11, 2012, the Court granted the Motion, imposed an appeal bond of $170,000, made the Ortega Objectors and Palmer Objectors jointly and severally liable for the appeal bond, and set a deadline for deposit of the bond of September 21, 2012 (Document No. 132).

On September 13, 2012, the Ortega Objectors filed an appeal with the United States Court of Appeals for the Eighth Circuit (Appeal No. 12-3179), appealing from this Court's order imposing an appeal bond. The next day, the Eighth Circuit consolidated the two appeals of the Ortega Objectors for briefing and submission to the court with Appellants' Brief due on November 5, 2012.

In accordance with local rules, counsel for the Ortega Objectors met and conferred with all other counsel for this matter by e-mail on September 13, 2012 regarding the instant motion and requested a response regarding stipulation from other counsel by the following day. Counsel for the Ortega Objectors only received a response from Shawn Raiter, counsel for the Settlement Class, stating that the Settlement Class would not stipulate to any of the relief sought by the Ortega Objectors. Counsel for the Ortega Objectors has not received any other responses from other counsel. (Meet and Confer Statement Regarding Ortega Objectors' Motion for Immediate Stay of Rule 7 Appeal Bond Order)

## Legal Standard

The District Court imposed an appeal bond under Federal Rules of Appellate Procedure, Rule 7. A party to an appeal must ordinarily move first in the district court

for a stay of the order of the district court pending appeal, including a stay of an appeal bond order.  FRAP 8(a)(1); *see generally Adsani v. Miller*, 139 F.3d 67, 70 (2d Cir. 1998).  By this Motion, the Ortega Objectors move for a stay of the District Court's order pending appeal.

## Argument

The Ortega Objectors presented arguments against the imposition of an appeal bond or for a lesser amount of an appeal bond in their Memorandum in Opposition to Settlement Class's Motion to Require Objectors to File Rule 7 Appeal Bond and do not intend to repeat those arguments here.  However, based on the District Court's Memorandum Opinion and Order granting the Motion to Require Objectors to File Rule 7 Appeal Bond, the Ortega Objectors intend to present the following further arguments to the Eighth Circuit regarding the Court's cited authority and reasoning.

## I.     The Court Improperly Ordered a Joint and Several Bond.

The Court asserted that it may make objectors jointly and severally liable for a bond payment citing *In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS 47659, 41-43 (D.N.J. June 29, 2007).  However, the district court in said case imposed a joint and several bond because of the possibility that "Plaintiffs will face different issues from different appellants, which may increase the expenses" based on the arguments of "several objectors."  *Id.* at 36-37, 41-43.  Here, the Settlement Class did not present any evidence or argument that it will face "different issues from different appellants." Indeed, the Palmer Objectors have not expressed the issues upon which their appeal is based, and the Court should not speculate as to the issues which will be raised on appeal and impose a joint and several bond on such speculation.  In addition, the claims of both the Palmer Objectors and Ortega Objectors in their respective Objections to Settlement are relatively straightforward, in contrast to the complicated RICO and common law objector arguments addressed in *In re Ins. Brokerage Antitrust Litig.*  Finally, in this case, there are only two sets of objectors, the Palmer Objectors and Ortega Objectors, in

contrast to "several objectors" raising "different issues" as in *In re Ins. Brokerage Antitrust Litig.* The Court should not impose a joint and several appeal bond.

## II. The Court Improperly Lumps Together Two Separate Appeals and Appellants.

The Court acknowledges that no financial documents were submitted by the Settlement Class and that the Ortega Objectors stated that they "do not pose a payment risk." However, the Court then lumps the Ortega Objectors with the Palmer Objectors who averred that they are unable to post a bond in excess of $1,000. The Palmer Objectors' inability to post a bond over $1,000 and potential payment risk should not be ascribed to the Ortega Objectors who "do not pose a payment risk." The Ortega Objectors (Appeal Nos. 12-2761 and 12-3179) and the Palmer Objectors (Appeal No. 12-2824) have filed separate appeals. The inability of one set of objectors/appellants to post a bond should not be inequitably held against a separate set of objectors/appellants.

Moreover, in improperly grouping together two separate sets of Objectors/Appellants, "the Court finds that the Palmer Objectors have evidenced bad faith and vexatious conduct" while "the Ortega Objectors have not evidence any bad faith conduct." However, the Court uses the bad faith and vexatious conduct of the Palmer Objectors as evidence for a higher bond amount, which directly affects <u>both the Palmer Objectors and the Ortega Objectors</u>. The Court even impliedly terms or lumps in the Ortega Objectors as "professional objectors." Even though there is no evidence of bad faith on the part of the Ortega Objectors, the Court has used the bad faith and vexatious conduct of another to work inequity against the Ortega Objectors.

## III. A Bond of $170,000 is Disproportionate and Unfair Given the Nature of the Claims and Remedy Sought.

The Court ruled that the Rule 7 Appeal Bond of $170,000 did not impose an insurmountable barrier to appeal for appellants because the bond may be "shared between thirty-eight individuals – approximately $4,470 per individual." However, the amount of the appeal bond per individual, $4,470, and thus the right to exercise an appeal of the

Court's decision, is greater than the very remedy approved in this case, a re-pipe of the home for $4,000. This is not only procedurally unfair, but economically unfair as well.

**IV.     The Settlement Class Does Not Bear the Costs of Appeals in This Case.**

The Court indicated that the bond was a Rule 7 bond "to protect the Settlement Class from additional costs imposed by the appeals." However, the settlement agreement provides that only the Defendants, not the Settlement Class, will bear all costs associated with the settlement (i.e. reimbursement of the class' costs, payment of the class' attorney fees, payment of the claims administration costs). If this were a settlement from which class members were compensated from a fixed common fund out of which costs and attorney fees were first deducted, a Rule 7 bond might be appropriate. However, there is no fixed common fund here. Under the terms of this settlement, even if it cost $100 million in additional settlement administration costs stemming from the appeal (which it will not), not one penny of this would be deducted from the settlement payments for claims in the case. Under the terms of the settlement, not one single Settlement Class Member will bear the costs of appeals in this case. Thus, imposing a bond under Rule 7 will not in fact "protect the Settlement Class from additional costs imposed by the appeals." There is no such risk.

**V.      The Court Has Inconsistently Counted the Number of Objectors in the Final Approval Opinion and the Appeal Bond Opinion.**

The appeal bond order counts the Ortega Objectors as 36 when evaluating the burdens of the bond, whereas the order granting final approval dismissed them as merely 1 of 3 sets of objections because they were represented by the same firm (Order Granting Final Approval [Dkt. 96] ("Class member reaction has been positive and objections minimal. Out of at least 30,000 potential class members, only three sets of objections were received.")). The Court cannot in final approval discount the number of objectors to support the approval by lumping them all together and then conversely consider the actual numbers of objectors in the bond motion to discount the impact that the imposition of a bond will have on the appealing objectors. This is patently inconsistent.

## CONCLUSION

The Ortega Objectors thus move for an immediate stay of the District Court's order imposing an appeal bond (Document No. 132) pending the current appeal and a subsequent motion to the Eighth Circuit to overturn the appeal bond order, or alternatively, modify the appeal bond amount, or alternatively, stay the appeal bond order pending full briefing and oral argument.

Dated: September 18, 2012                    Kasdan, Simonds, Weber & Vaughan LLP


By: s/ Bryan M. Zuetel
Kenneth S. Kasdan (Cal. SBN 71427)
Email:  KSKasdan@Kasdansimonds.com
Michael D. Turner (Cal. SBN 126455)
Email:  MTurner@Kasdansimonds.com
Bryan M. Zuetel (Cal. SBN 258836)
Email:   BZuetel@Kasdansimonds.com
19900 MacArthur Blvd., Suite 850
Irvine, CA 92612
Telephone: 949-851-9000
*Attorneys for Ortega Objectors*